1
2
3
4
5
6
7

**ALI R. POORSINA**
1036 Mission Street, Apt 907
San Francisco, CA 94103
Tel: (415) 656-7384
E-Mail: poorsinajan@gmail.com

Plaintiff In Propria Persona,
Ali R. Poorsina

**FILED**

**JUL 16 2021**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14

## UNITED STATES DISTRICT COURT

### FOR THE NORTHREN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

15
16

LB

**CV 21 - 5488**

17
18
19
20
21
22
23

| | |
|---|---|
| ALI R. POORSINA,<br>           Plaintiff,<br>   vs.<br><br>LAW OFFICES OF JEFFERY B.<br>NEUSTADT and ANNA MOSK individually,<br>as an officer of BIG BEAR LAKE<br>DEVELOPERS LLC,<br><br>           Defendants. | Case No.<br><br>COMPLAINT FOR PUNITIVE DAMAGES<br>AND OTHER EQUITABLE RELIEF<br><br>(related to No. 19-cv-01385-LB) |

24

### COMPLAINT

25
26
27

Ali R. Poorsina (referred to individually as "POORSINA" or "PLAINTIFF") brings this Complaint for damages against Defendants Jeffery B. Neustadt, pro se attorney ("NEUSTADT") and Anna Mosk, in her capacity president of the Big Bear Lake Developers LLC ("MOSK") (collectively "Defendants") and based on personal knowledge and on information and belief alleges as follows:

-1-

28

COMPLAINT FOR PUNITIVE DAMAGES AND OTHER EQUITABLE RELIEF

**THE PARTIES**

1.   Plaintiff Ali R. Poorsina is citizen residing in the City of San Francisco, County of San Francisco, State of California. At all times relevant herein, directly has been involved for this action.

2.   Defendant, Jeffery B. Neustadt ("NEUSTAT"), Pro Se Attorney who improperly filed motion for summary judgment collected ill-gotten monies from the interpleader [sic] by lying to the Court that he has been member of the Big-Bear, LLC since upon execution of NOTE on March 2, 2006. His principal place of law office practice is located at 345 Grove Street, Frist Floor, San Francisco, California 94102.

3.   Defendant, Anna Mosk ("MOSK") currently is district manager of the New Republic Mortgage who has been involved with the scheme operation of providing unlawful Balloon Payments Note acted as "President" for the entity named Big Bear Lake Developers, LLC, that was not formed nor registered with the California Secretary of State at time of recording the Deed of Trust and the Note, her principal place of business is at 19725 Sherman Way Suite 190, in the City of Canoga Park, CA 91306.

**JURISDICTION AND VENUE**

4.   This Court has personal jurisdiction over this subject matter because substantial part of the event or omissions given rose in this District.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant Jeffery B. Neustadt pro se attorney resides in this district, and a substantial part of the events or omissions occurred in this District.

**FACTUAL BACKGROUND**

6.   On March 1, 2006, Ali R. Poorsina (Homeowner) was "enticed" to barrow $37,000 loan from Big Bear Developers LLC ("Big-Bear, LLC"), at the Fidelity National Title Company executed a Balloon Payment Note ("NOTE"), by recording a lien on POORSINA's property secured the loan and recorded an instrument number 2006-I140501-00 in the San Francisco County Recorder's Office. The arrangements and documents were made entirely under the TILA act, despite POORSINA's having some limited Rights and compliance Rules. The Balloon Rider loan contained an adjustable 18% interest added to the balloon payment loan ("NOTE"). The term of the loan lasted only three (3) months, defaulted in June 1, 2006. (*See* **Exhibit "A"**)

7.   On the NOTE Big Bear Lake Developers, LLC, ("Big-Bear, LLC"), named "Lender" for purpose securing the NOTE attached addendum to the original Deed of Trust recorded a lien on the POORSINA's Property. After Fidelity recorded the instrument number, documents were mailed to Anna Mosk who acted as president for the Big Bear, LLC. mailed to New Republic Mortgage at 19725 Sherman Way Suite 190, in the City of Canoga Park, CA 91306. (*See* **Exhibit "B"**)

8.   During the loan transaction MOSK was involved in scheme conducts illegally secured the loan

-2-

COMPLAINT FOR PUNITIVE DAMAGES AND OTHER EQUITABLE RELIEF

under the Big-Bear, LLC, in which during that time Big-Bear, LLC was not formed nor registered with the California Secretary of State-the record shows one year later on April 25, 2007, MOSK, filed a certificate with the Secretary of State, registered the Big-Bear, LLC (File No. 200711510059), and MOSK, declared herself as the president of the Big-Bear, LLC. (*See* **Exhibit "C"**)

9.   On June 28, 2013, MOSK, declared grants, assigns the Deed to Trust and the Balloon Note recorded as Corporation Assignment Deed to Trust ("Assignment") named individual attorney Jeffery B. Neustadt all beneficial interest of Deed of Trust and the NOTE, it is recorded in the San Francisco Recorder's Office as instrument number 2013-J8987-00 on 6/28/2013. (*See* **Exhibit "D"**)

## FACTUAL ALLEGATIONS

10.   On or about January 23, 2017, Peak Foreclosure Services, Inc. ("PEAK") was substituted in as the foreclosure trustee as debt-collector instrument No. 2005-H952249-00, recorded on 05/12/2005 for property located at 1563 28TH Avenue, San Francisco, California 94122 ("Property")--on August 8, 2017, PEAK recorded a Notice of Trustee's Sale recorded in San Francisco Recorder's Office as instrument No. 2017-K492369-00 for Property--on September 7, 2017, PEAK went forward on foreclosure trustee's sale auction. *Id.*, the Property was sold to bono fide purchaser who became 100% owner, after paying the foreclosing creditor, trustee's fees and expenses PEAK was left with $273,331.73 in surplus proceeds ("Surplus Proceeds") available to potential claimants had lien on the Property. (*See* **Exhibit "E"**)

11.   On November 27, 2018, POORSINA filed a Complaint in San Francisco County Superior Court against PEAK not depositing the Surplus Proceed. Case No. CGC-18-571590--on January 29, 2019 PEAK filed Petition and Declaration Regarding Unresolved Claim and Deposit of Undistributed Surplus Proceeds of Trustee's Sale Case No. CPF-19-516521—on January 29, 2019 PEAK also sent letters to all Claimants/Potential claims of notice intent to deposit the surplus proceeds. *Id.*—on October 19, 2017, PEAK sent Jeffery B. Neustadt c/o Big Bear Lake Developers, LLC – Attn: Anna Mosk, that POORSINA's Property was sold at a trustee's sale to a third party whose bid exceeded the indebtedness owed to the foreclosing lender. The surplus must be distributed first to junior lien holder as to (Big-Bear, LLC) and in order of priority, and therefore to the last vested owner as to POORSINA of record—PEAK identified Big-Bear, LLC as a junior lien whose lien has been extinguished by the trustee's sale, and NEUSTADT and Big-Bear, LLC are entitled to all or a portion of the excess funds. Before PEAK determine their entitlement to any remaining funds, **NEUSTADT/BIG BEAR, LLC must submit a written claim requesting the excess sale proceeds**--on or about April 18, 2018, NEUSTADT, sent a letter to PEAK indicating to best of his understanding it that at the time of the transfer of the NOTE and Deed of Trust from Big-Bear, LLC to NEUSTADT the outstanding obligation from POORSINA was

-3-
COMPLAINT FOR PUNITIVE DAMAGES AND OTHER EQUITABLE RELIEF

$47,632. Since that date, NUSTADT stated that he never received payments from POORSINA so with interest the figure most likely should be well over $50,000 as of the end of March 2017. NUSTADT promised PEAK, that he is expecting from Anna Mosk president of the Big-Bear, LLC provide NEUSTADT with exact calculation with original NOTE and the Deed of Trust--on April 18, 20218, Anna Mosk prepared an invalid NOTE dated October 10, 2006 for the same loan No. 22506, indicated that POORSINA has promised to pay $40,000 to Big-Bear, LLC as the "Lender" and she copied POORSINA's signature (robo-signed) on the 3rd page on the NOTE without any date, along with copy of the Corporation Assignment of Deed of Trust to Jeffery B. Neustadt, individual attorney, and the calculation of what was owed the sum of $86,213.92. in the letter NEUSTADT identified that these documents are original NOTE; original Deed of Trust; Corporation Assignment recorded on June 28, 2013; and calculation with 18% interest submitted to PEAK for their claims. *Id*. (*See* **Exhibit "F"**)

12. **Important Note:** what NEUSDAT's submission of documents to PEAK are not invalid copies. First the original NOTE that POORSINA executed on March 2, 2006 at the Fidelity National Title Company the true amount was $37,000 which was notarized by Terry Pizzo, Notary Public—Second the correct date was on March 2, 2006 Not October 10, 2006—Third upon POORSINA' executing the NOTE and the Deed of Trust for Big-Bear, LLC as "Lender" the LLC was not formed nor registered with Secretary of State of the State of California--one year later Anna Mosk, on April 25, 2007, filed Big-Bear, LLC with Secretary State, (file No. 200711510059), and named herself as president of the Big-Bear, LLC--this was a scheme operation that they have been involved providing a TILA loan that only lasted three month was defaulted on June 1, 2006. Since POORSINA had no contact or any communication with Anna Mosk nor attorney Jeffery B. Neustadt—until the March 2018, phone call from PEAK to NEUSTADT that they became aware of the surplus proceeds. (*See* **Exhibit "G"**)

13. During that time Anna Mosk repeated the same scheme of making fraudulent NOTE with incorrect date and incorrect amount submitted to PEAK as original documents on April 18, 2018, in order to collect big portion of the surplus with 18% interest from the surplus proceed. It worth mentioning that Anna Mosk also has been involved with much bigger scandal with Straegic Petrolum Domistic Corporation established in the State of Nevada, filed as Entity No. E0337122007-1 until May 11, 2007, which FBI Permanently Revoked the corporation and arrented Alexander Lustak, president of the corporation. Anna Mosk was registered as Secretary for the scandal scheme operation, her principal business address at 6241 Glade Avenue, Woodland Hills, California 9137. For this scheme Alexander Lustak, served some time in state prison. During that time attorney Jeffery B. Neustadt represented Alexander Lustak and Anna Mosk transferred the NOTE and the Deed of Trust for his fees representing

-4-

COMPLAINT FOR PUNITIVE DAMAGES AND OTHER EQUITABLE RELIEF

Alexander Lustak these are all recorded documents of how they operate their scheme. NEUSTAD as an attorney during the interpleader [sic] misrepresenting and lying before Honorable Judge Laurel Beeler only to benefit from the surplus proceed that POORSINA was entitled to received.   (*See* Exhibit "H").

14.   POORSINA filed this Complaint bring these people to justice stop them from continuing these types of acts of defrauding victims only for their own financial benefits.

### FIRST CAUSE OF ACTION
### FRAUD-MISREPRESENTATION

15.   NEUSTADT, as pro se attorney committed fraud by purposefully evading the use of POORSINA's March 2006 Balloon Rider Note and went ahead filing motion for a summary judgment that was granted from surplus proceeds from interpleader action.

16.   NEUSTADT's action has been willful and knowing and/or with compete and reckless disregard of the emotional or financial ramification that would surely befall POORSINA that resulted in direct act of scheme to further gain financially by taking advantage of POORSINA that quite frankly does not understand of all confusing legal jargon with which the assignment of the deed of trust to NEUSTADT identified him as the beneficiary to the defaulted NOTE that was in default in June 2006.

17.   NEUSTADT and MOSK each authorized Balloon Rider Note, made misrepresentation and engaged in a conspiracy to conceal and deceive. POORSINA did not know that the misrepresentations, deceit and inducement by NEUSTADT and MOSK the authorized agent were false and fraudulent submission of illegal documents misleading the Court to believed them to be truthful and reasonably granted NEUSTADT the summary judgment from the surplus distribution that POORSINA relied receiving after his real property sold at the illegal foreclosure Trustee's Sale Auction.

18.   The conduct of NEUSTADT and MOSK herein alleged was a substantial factor in causing the damages sustained to POORSINA and as a direct, proximate and legal result of the above alleged breach of fiduciary duty, POORSINA has suffered and will continue to suffer damages in an amount not yet ascertained to be proven at trial, including, but not limited to, damages for loss of money, and damages for emotional distress.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW,
### Cal. Bus. & Prof. Code § 17200, *et seq.*

19.   As alleged herein, POORSINA has suffered injury in fact and lost money as result of Defendants' conduct filing fraudulent motion for summery judgment into the surplus proceeds interpleader [sic].

-5-

COMPLAINT FOR PUNITIVE DAMAGES AND OTHER EQUITABLE RELIEF

20.   California Business & Professions Code § 17200 prohibits any "unlawful . . . business act practice." Defendants' above-described wrongful acts and practices constituted "unlawful" business acts and practices by, *inter alia*, systematically and continuously misrepresented to the Court.

21.   Defendants' above-described wrongful acts and practices also constitute "fraudulent" business acts and practices in that the representations and omissions described herein are false, misleading and/or likely to deceive act of collecting debt that was no longer owed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Jeffery B. Neustadt and Anna Mosk acted in concert, jointly and severally, for ill-gotten monies for the sum of $94,567.38 as a result of unlawful claims into the interpleader [sic]; the sum amount of $6,489.39 for cost and filing fees; and $350,950.00 for punitive damages, other relief as the Court may determine to be just and proper.

Dated:  July 16, 2021

Respectfully submitted,

By: _____
ALI R. POORSINA
1036 Mission Street, Unit 907
San Francisco, CA 94103
Phone: (415) 656-7384
Email: poorsinajan@gmail.com

### VERFICATION

Pursuant to 28 U.S.C. § 1746, I Ali R. Poorsina, declare the following:

1.  I have personal knowledge of the matters alleged regarding Plaintiff pro se in the foregoing Complaint.

2.  The allegations contained herein are true and correct.

3.  I verify under penalty of perjury that the foregoing is true and correct.

Date: July 16, 2021

By: _____

**ALI R. POORSINA**
*Plaintiff Appearing in Pro Se*

-6-

COMPLAINT FOR PUNITIVE DAMAGES AND OTHER EQUITABLE RELIEF

# Exhibit "A"

*Escrow #217979*

Recording Requested By:
**BIG BEAR LAKE DEVELOPERS LLC**

And After Recording Return To:
**BIG BEAR LAKE DEVELOPERS LLC
19725 SHERMAN WAY SUITE 190
CANOGA PARK, CALIFORNIA 91306
Loan Number: 22806**

San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2006-I140501-00
Acct 11-FIDELITY NATIONAL Title Company
Wednesday, MAR 08, 2006 14:31:44
Ttl Pd $38.00          Nbr-0002552726
REEL J092 IMAGE 0363
                              agl/FT/1-10

*1563 28th Ave
Lot 16, Blk 1874*     [Space Above This Line For Recording Data]

# DEED OF TRUST

THIS DEED OF TRUST is made this     **1st**     day of **MARCH, 2006**
among the Trustor, **ALI REZA POORSINA AS HIS SOLE AND SEPARATE PROPERTY**

(herein "Borrower"),

**FIDELITY NATIONAL TITLE**
                                        (herein "Trustee"), and the Beneficiary,
**BIG BEAR LAKE DEVELOPERS LLC, A LIMITED LIABILITY COMPANY**
                                                    , a corporation organized and
existing under the laws of **CALIFORNIA**                            whose address is
**19725 SHERMAN WAY SUITE 190, CANOGA PARK, CALIFORNIA 91306**
                                                          (herein "Lender").

    BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **SAN FRANCISCO**                                                      , State of California:
**SEE PRELIM**

which has the address of **1563 28TH AVENUE, SAN FRANCISCO**
                                        [Street]                                    [City]

**California**      **94116**          (herein "Property Address");
                  [Zip Code]

# EXHIBIT A

C-3805.dtt

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **MARCH 1, 2006** and extensions and renewals thereof (herein "Note"), in the principal sum of **THIRTY-SEVEN THOUSAND AND 00/100** Dollars (U.S. $ **37,000.00** ), with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **JUNE 1 2006** ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**EXHIBIT** A

CALIFORNIA-SECOND MORTGAGE-1/80
3805                                    Page 2 of 7                    DocMagic eForms 800-649-1362
www.docmagic.com

Ca3805.dtt

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 7 of this Deed of Trust.

_____
ALI REZA POORSINA     -Borrower

_____
                     -Borrower

_____
                     -Borrower

_____
                     -Borrower

_____
                     -Borrower

_____
                     -Borrower

State of California                    )
                                 ) ss.
County of SAN FRANCISCO     )

On  3/2/06  before me,  Terry Pizzo, Notary Public

personally appeared  ALI REZA POORSINA

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

TERRY PIZZO
Comm. # 1370273
NOTARY PUBLIC-CALIFORNIA
City & County of San Francisco
My Comm. Expires Aug. 10, 2006

NOTARY SEAL

_____
NOTARY SIGNATURE

_____
Terry Pizzo
(Typed Name of Notary)

EXHIBIT A

CALIFORNIA-SECOND MORTGAGE-1/80
3805                              Page 7 of 7                   DocMagic eForms 800-649-1362
www.docmagic.com

# NOTE

Loan Number: 22806

MARCH 1, 2006        CANOGA PARK        CALIFORNIA
Date        City        State

1563 28TH AVENUE, SAN FRANCISCO, CALIFORNIA 94116
Property Address        City        State        Zip Code

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 37,000.00      (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is   BIG BEAR LAKE DEVELOPERS LLC, A LIMITED LIABILITY COMPANY
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of    18.000 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS ** See attached Interest Only Note Addendum.

I will pay principal and interest by making payments each month of U.S. $ 12,705.17
I will make my payments on the   1st   day of each month beginning on   APRIL 1, 2006
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on   JUNE 1, 2006       , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 19725 SHERMAN WAY SUITE 190, CANOGA PARK, CALIFORNIA 91306
           or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of   15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment, but not less than U.S. $ 5.00      and not more than U.S. $ N/A      . I will pay this late charge only once on any late payment.

### (B) Notice From Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

### (C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**EXHIBIT A**

CALIFORNIA-SECOND MORTGAGE-6/84
3905            Page 1 of 3            DocMagic eForms 800-649-1362
www.docmagic.com

05.not

Loan Number: 22806

# INTEREST-ONLY ADDENDUM
# TO FIXED RATE NOTE

Property Address: 1563 28TH AVENUE, SAN FRANCISCO, CALIFORNIA 94116

THIS INTEREST-ONLY ADDENDUM ("ADDENDUM") is made this 1st day of MARCH, 2006 and is incorporated into and intended to form a part of the Fixed Rate Note (the "Note") dated the same date as this Addendum executed by the undersigned and payable to BIG BEAR LAKE DEVELOPERS LLC (the "Lender").

THIS ADDENDUM supersedes and replaces Sections 3(A), 3(B), 4, and 6(A) of the Note. This Addendum does not supersede, replace or revise any other Section of the Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first 2 months (the "Interest Only Period"), and then will consist of principal and interest.

I will make my monthly payment on the 1st day of each month beginning on APRIL 1 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on JUNE 1, 2006 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 19725 SHERMAN WAY SUITE 190, CANOGA PARK, CALIFORNIA 91306

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 555.00 for the first 2 months of this Note, and thereafter will be in the amount of U.S. $ 37,555.00 . The Note Holder will notify me prior to the date of change in monthly payment.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes.

If the partial Prepayment is made during the Interest Only Period, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments

**EXHIBIT A**

INTEREST ONLY ADDENDUM TO FIXED RATE NOTE
©2004 DOCMAGIC, INC.
01/14/04                                        Page 1 of 2

DocMagic eForms 800-649-1362
www.docmagic.com

Fio.stn

# Exhibit "B"



**State of California**
**Secretary of State**

LLC-5    File # **200711510059**

**FILED**
in the office of the Secretary of State
of the State of California

APR 2 5 2007

## LIMITED LIABILITY COMPANY
## APPLICATION FOR REGISTRATION

A $70.00 filing fee AND a certificate of good standing from an authorized public official of the jurisdiction of formation must accompany this form.

IMPORTANT – Read instructions before completing this form.

This Space For Filing Use Only

---

**ENTITY NAME** (End the name in Item 1 with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1.  NAME UNDER WHICH THE FOREIGN LIMITED LIABILITY COMPANY PROPOSES TO REGISTER AND TRANSACT BUSINESS IN CALIFORNIA

BIG BEAR LAKE DEVELOPERS, LLC

2.  NAME OF THE FOREIGN LIMITED LIABILITY COMPANY, IF DIFFERENT FROM THAT ENTERED IN ITEM 1 ABOVE

---

**DATE AND PLACE OF ORGANIZATION**

3   THIS FOREIGN LIMITED LIABILITY COMPANY WAS FORMED ON   02 (MONTH) – 09 (DAY) – 06 (YEAR)   IN   DELAWARE (STATE OR COUNTRY)

AND IS AUTHORIZED TO EXERCISE ITS POWERS AND PRIVILEGES IN THAT STATE OR COUNTRY.

---

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 4 and 5 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 4 must be completed (leave Item 5 blank))

4   NAME OF AGENT FOR SERVICE OF PROCESS

ANNA MOSK

5.  IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA   CITY   STATE   ZIP CODE

19725 SHERMAN WAY.   CANOGA PARK  CA   91308

---

**APPOINTMENT** (The following statement is required by statute and should not be altered.)

6.  IN THE EVENT THE ABOVE AGENT FOR SERVICE OF PROCESS RESIGNS AND IS NOT REPLACED, OR IF THE AGENT CANNOT BE FOUND OR SERVED WITH THE EXERCISE OF REASONABLE DILIGENCE, THE SECRETARY OF STATE OF THE STATE OF CALIFORNIA IS HEREBY APPOINTED AS THE AGENT FOR SERVICE OF PROCESS OF THIS FOREIGN LIMITED LIABILITY COMPANY

---

**OFFICE ADDRESSES** (Do not abbreviate the name of the city)

7.  ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE   CITY AND STATE   ZIP CODE

19725 SHERMAN WAY #190   GANOGA PARK, CA   91308

8   ADDRESS OF THE PRINCIPAL OFFICE IN CALIFORNIA, IF ANY   CITY   STATE   ZIP CODE

19725 SHERMAN WAY #190   GANOGA PARK, CA  CA   91308

---

**EXECUTION**

9.  I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

4/11/07
DATE

SIGNATURE OF AUTHORIZED PERSON

ANNA MOSK

**EXHIBIT B**

TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON

LLC-5 (REV 04/2007)                                            APPROVED BY SECRETARY OF STATE

# Exhibit "C"

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Big Bear Lake Developers, LLC
Attn: Anna
20929 Ventura Blvd. #47-337
Woodland Hills, CA 91364

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2013-J698179-00
Check Number  2729
Friday, JUN 28, 2013 11:57:25
Ttl Pd   $21.00      Rcpt # 0004727306
REEL  K928   IMAGE  0708
oke/KC/1-2

THIS SPACE FOR RECORDER'S USE ONLY:

Escrow No.: | Title Order No.:

## CORPORATION ASSIGNMENT OF DEED TO TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, and transfers to Jeffrey B. Neustadt, an unmarried man all beneficial interest under that certain Deed of Trust dated March 1, 2006 executed by Ali, Reza Poorsina, Trustor, to Fidelity National Title, Trustee, and recorded as Instrument No. 2006-1140501-00, on March 8, 2006, of Official Records in the County Recorders Office of San Francisco, California, describing land therein as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

ACCOMMODATION
This Document delivered to Recorder
as an accommodation only at the
express request of the parties hereto.
It has not been examined as to
its effect or validity.

DATED June 27, 2013
STATE OF CALIFORNIA
COUNTY OF  Los Angeles
On  June  27,  2013
before me,  Denise I. Stewel, Notary Public,
A Notary Public personally appeared
Anna  Mosk

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature

BIG BEAR LAKE DEVELOPERS LLC, A LIMITED LIABILITY COMPANY

By:                                  - PRESIDENT
Anna Mosk-President

DENISE I. STEWEL
Commission # 2001013
Notary Public - California
Los Angeles County
My Comm. Expires Jan 15, 2017

(Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

**EXHIBIT** C

## State of California
### Secretary of State

**FILED**
Secretary of State
State of California
**DEC 1 7 2013**

## LIMITED LIABILITY COMPANY
## CERTIFICATE OF CANCELLATION

There is no fee for filing a Certificate of Cancellation.

IMPORTANT – Read instructions before completing this form.

*This Space For Filing Use Only*

| FILE NUMBER | ENTITY NAME   (Enter the exact name of the limited liability company.) |
|---|---|
| 1. Secretary of State File Number  **200711510059** | 2. Name of Limited Liability Company   **BIG BEAR LAKE DEVELOPERS, LLC** |

**TAX LIABILITY**  (The following statement should not be altered.)

3. A final franchise tax return, as described by Section 23332 of the Revenue and Taxation Code, or a final annual tax return, as described by Section 17947 of the Revenue and Taxation Code, has been or will be filed with the Franchise Tax Board, as required under Part 10.2 (commencing with Section 18401) of Division 2 of the Revenue and Taxation Code.

**DISSOLUTION**  (Domestic limited liability companies ONLY:  Check the "YES" or "NO" box, as applicable.  Note: If the "NO" box is checked, a Certificate of Dissolution (Form LLC-3) pursuant to Corporations Code section 17356(a) must be filed prior to or together with this Certificate of Cancellation.)

4. The dissolution was made by a vote of all of the members.   ☑ YES   ☐ NO

**ADDITIONAL INFORMATION**  (Enter any other information the managers or members filing the Certificate of Cancellation determine to include. Attach additional pages, if necessary.  Additional information set forth on attached pages, if any, is incorporated herein by this reference and made part of this certificate.  If no other information is to be included, leave Item 5 blank and proceed to Item 6.)

5.

**EXECUTION**

6. I declare I am the person who executed this instrument, which execution is my act and deed.

_____
Signature of Authorized Person

ANNA MOSK, MEMBER
Type or Print Name and Title of Authorized Person

_____
Signature of Authorized Person

SUZAHNNA TEPPER, MEMBER
Type or Print Name and Title of Authorized Person

**RETURN TO** (Enter the name and the address of the person or firm to whom a copy of the filed document should be returned.)

7. NAME   ⌐ Anna Mosk

FIRM

ADDRESS   20929 Ventura Blvd., Suite #47-337

CITY/STATE/ZIP ⌐ Woodland Hills, CA  91364

**EXHIBIT C**

LC-4/7 (REV 01/2013)

APPROVED BY SECRETARY OF STATE

# Exhibit "D"

20179K49236900003
San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC 2017-K492369-00
Acct 1018-Old Republic Natl Title Ins - Orange
Tuesday, AUG 08, 2017 13:25:10
Ttl Pd   $24.00      Nbr-0005657772
okc/RE/1-3

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

PEAK FORECLOSURE SERVICES, INC.
5900 Canoga Avenue, Suite 220
Woodland Hills, CA 91367
(818) 591-9237

---

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/4/2005.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

## NOTICE OF TRUSTEE'S SALE
### Trustee's Sale No. CA-RCS-17017253

NOTE: PURSUANT TO 2923.3(C) THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**[PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]**

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 or visit this Internet Web site www.lpsasap.com, using the file number assigned to this case, CA-RCS-17017253. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

On September 7, 2017, at 02:00 PM, AT THE VAN NESS AVENUE ENTRANCE TO THE CITY HALL, 400 VAN NESS AVENUE, in the City of SAN FRANCISCO, County of SAN FRANCISCO, State of CALIFORNIA, PEAK FORECLOSURE SERVICES, INC., a California corporation, as duly appointed Trustee under that certain Deed of Trust executed by ALI R. POORSINA, A SINGLE MAN, as Trustors, recorded on 5/12/2005, as Instrument No. 2005-H952249-00, of Official Records in the office of the Recorder of SAN FRANCISCO County, State of CALIFORNIA, under the power of sale therein contained, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER, for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale. Property is being sold "as is – where is". TAX PARCEL NO. 14-1874-016-01. Property address: 1563 28th Avenue, San Francisco, CA 94122.

Page 1 of 2

**EXHIBIT** 

CA HOFS

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

STEPPINGSTONE ASSETS GROUP LLC
525 BREAKWATER DR
REDWOOD CITY, CA 94065
Mail Tax Statement To

SAME AS ABOVE

Trustee Sale No  CA-RCS-17017253

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2017-K514337-00
Friday, SEP 15, 2017 12 30 53
Ttl Pd $9,297.25      Rcpt # 0005562694
                                        okc/KC/1-3

## TRUSTEE'S DEED

The undersigned grantor declares
1    The Grantee herein was not the foreclosing beneficiary
2    The amount of the unpaid debt together with costs was $961,888 27
3    The amount paid by the Grantee at the Trustee's Sale was  $1,235,200 00
4    The documentary transfer tax is $ 9266.25

**PEAK FORECLOSURE SERVICES, INC ,** a California corporation, as the duly appointed Trustee under the Deed of Trust hereinafter described (herein called TRUSTEE), hereby grants and conveys, but without warranty, express or implied, to

### STEPPINGSTONE ASSETS GROUP LLC 100% INTEREST

Herein called GRANTEE, all of its right, title and interest in and to that certain property situate in the City of SAN FRANCISCO, County of SAN FRANCISCO, State of CALIFORNIA, described as follows

ATTACHED HERETO AS EXHIBIT 'A' AND INCORPORATED HEREIN AS THOUGH FULLY SET FORTH

TAX PARCEL NO        14-1874-016-01        *1563 28th Ave  SF, CA 94122

This conveyance is made pursuant to the powers conferred upon TRUSTEE by that certain Deed of Trust executed by ALI R POORSINA, A SINGLE MAN, as Trustors recorded 5/12/2005 , as Instrument No 2005-H952249-00, of Official Records in the office of the Recorder of SAN FRANCISCO County, State of CALIFORNIA, and after fulfillment of the conditions as specified in said Deed of Trust authorizing this conveyance  Default occurred as set forth in a Notice of Default and Election to Sell which was filed for record in the office of the Recorder of said County, and such default still existed at the time of sale   All requirements of law regarding the mailing of copies of notices and posting and publication of copies of the Notice of Sale have been complied with

Said property was sold by said Trustee at public auction on September 7, 2017, at the place named in the Notice of Sale, in the County of SAN FRANCISCO, CALIFORNIA, in which the property is situated Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said Trustee the amount bid being $1,235,200 00, in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust

## EXHIBIT D

Page 1 of 2                                        CA_TD

Trustee Sale No  CA-RCS-17017253

Date    9/14/2017

PEAK FORECLOSURE SERVICES, INC , Trustee

By
Lilian Solano, Authorized Signor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

STATE OF <u>California</u>

COUNTY OF <u>Los Angeles</u>

On <u>9/14/17</u>, before me, <u>Kelli J  Espinoza</u> notary public personally appeared <u>Lilian Solano</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct**

WITNESS my hand and official seal

NOTARY PUBLIC

> KELLI J  ESPINOZA
> Notary Public - California
> Los Angeles County
> Commission # 2167374
> My Comm  Expires Oct 10  2020

**EXHIBIT** D

Page 2 of 2                                    CA_TD

# Exhibit "E"

 

CIV-170

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER 259286 | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Erica T. Loftis
FIRM NAME: Scheer Law Group, LLP
STREET ADDRESS: 26522 La Alameda, Suite 205
CITY: Mission Viejo          STATE: CA     ZIP CODE: 92691
TELEPHONE NO.:      (949) 263-8757     FAX NO.: (949) 209-3320
E-MAIL ADDRESS:      eloftis@scheerlawgroup.com
ATTORNEY FOR (name):      Peak Foreclosure Services, Inc., Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:      400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE:   San Francisco 94102
BRANCH NAME:

IN RE (ADDRESS OF REAL PROPERTY): 1563 28th AVENUE, SAN
FRANCISCO, CA 94122

**PETITION AND DECLARATION REGARDING UNRESOLVED
CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS
PROCEEDS OF TRUSTEE'S SALE**

**FILED**
San Francisco County Superior Court

JAN 2 9 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
  Amount deposited ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

CASE NUMBER
CPF-19-516521

1. Petitioner (name): Peak Foreclosure Services, Inc. is the trustee under the Deed of Trust described in items 2 and 3 below.

**The Deed of Trust**

2. The Deed of Trust encumbered the real property commonly known as (describe):
   1563 28th AVENUE, SAN FRANCISCO, CA 94122

   (the "property") and legally described  ☒ in Attachment 2 ☐ as follows:

3. The Deed of Trust was
   a. Executed by (name):          Ali R. Poorsina, a single man          as trustor
   b. Executed on (date): May 6, 2005
   c. Recorded:
      (1)  Date: May 12, 2005
      (2)  County: San Francisco
      (3)  Instrument number 2005-H952249-00

**EXHIBIT** _E_

Form Adopted for Mandatory Use
Judicial Council of California
CIV 170 (Rev. September 1, 2018)

**PETITION AND DECLARATION REGARDING UNRESOLVED
CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS
PROCEEDS OF TRUSTEE'S SALE**

Page 1 of 3
Civil Code § 2924j

LexisNexis® Automated California Judicial Council Forms

**BY FAX**
ONE LEGAL LLC

SPENCER P. SCHEER
JOSHUA L. SCHEER
REILLY D. WILKINSON
JONATHAN SEIGEL
TIMOTHY J. SILVERMAN
ERICA T. LOFTIS

# SCHEER LAW GROUP, LLP
## ATTORNEYS AT LAW

NORTHERN CALIFORNIA OFFICE

155 N. REDWOOD DR., STE. 100
SAN RAFAEL, CA 94903
PHONE (415) 491-8900
FAX (415) 491-8910

RESPOND TO:

SOUTHERN CALIFORNIA OFFICE

SOUTHERN CALIFORNIA OFFICE

EMAIL:
FIRST LETTER OF USER NAME AND ENTIRE
LAST NAME @Scheerlawgroup.com

26522 LA ALAMEDA, STE. 205
MISSION VIEJO, CA 92691
PHONE (949) 263-8757
FAX (949) 209-3320

January 29, 2019

## NOTICE OF INTENT TO DEPOSIT FUNDS

To: Claimants/Potential Claimants
Re: NOTICE OF INTENT TO DEPOSIT FUNDS
Beneficiary: Peak Foreclosure Services, Inc.
Property address: 1563 28th Avenue, San Francisco, CA 94122
San Francisco Superior Court Case No.: *Pending Assignment*
Trustor: Ali R. Poorsina                    TS # 17017253

Dear Claimants/Potential Claimants,

You are hereby notified that the foreclosure trustee Peak Foreclosure Services, Inc. for the foreclosure sale of the real property known as, 1563 28th Avenue, San Francisco, CA 94122, intends to deposit the surplus proceeds from the Trustee's Sale with the San Francisco Superior Court.

Pursuant to *CC* §2924j(d) your claim to the surplus funds must be filed with the court within 30 days from the date of this Notice.

The funds will be deposited at the following California Superior Court location:

Superior Court of San Francisco
Civil Division
400 McAllister St.
San Francisco, CA 94102

The telephone number to contact for further information is (415)551-4000. Please be advised that at this time a case number has yet to be assigned. Once the Petitioner obtains this information, our office will promptly notify all parties concerned.

SCHEER LAW GROUP, LLP

**EXHIBIT E**

Date: 1/29/19

Erica T. Loftis
Attorneys for Petitioner,
Peak Foreclosure Services, Inc.



**PEAK**™
FORECLOSURE SERVICES, INC.

5900 Canoga Avenue, Suite 220
Woodland Hills, California 91367
(818) 591-9237 - Fax: (818) 591-9599

October 19, 2017

Jeffrey B. Neustadt
c/o Big Bear Lake Developers, LLC – Attn: Anna
20929 Ventura Blvd., #47-337
Woodland Hills, CA 91364

Re: AFS# 17017253
Property: 1563 28th Avenue, San Francisco, CA 94122
Borrower: Poorsina, Ali R.

Dear Sir/Madam:

This office represents the former beneficiary under a deed of trust against the above referenced real property. The real property was sold at a Trustee's Sale to a third party whose bid exceeded the indebtedness owed to the foreclosing lender. This surplus must be distributed first to junior lien holders, if any, and in order of priority, and thereafter to the last vested owners of record.

Our title report identifies you as a junior lien whose lien has been extinguished by our foreclosure sale. You may be entitled to all or a portion of the excess funds. Before we can determine your entitlement to any remaining funds, **you must submit a written claim requesting the excess sale proceeds.**

Upon receipt of the above correspondence, we will review the file and advise you if funds will be disbursed to you.

If you have any questions or need anything further, please feel free to contact the undersigned.

Sincerely,

Kelli J. Espinoza,
Executive Vice President

**EXHIBIT** E

# Exhibit "F"

LAW OFFICES OF
**JEFFREY B. NEUSTADT**
PO BOX 170249
SAN FRANCISCO, CA 94117
TELEPHONE (415) 434-4440
FAX (415) 962-4221

Kelli J. Espinosa, Executive Vice President.
Peak Foreclosure Services, Inc.
5900 Canoga Ave., Suite 220
Woodland Hills, CA 91367

Re: AFS # 17017253
Property: 1563 28th Ave., San Francisco, CA 94122
Borrower: Poorsina, Ali R.

Dear Kelli:

My best understanding is that at the time of the transfer of the above – referenced property from Big Bear Lake Developers, LLC to me the outstanding obligation from Mr. Poorsina was $47,632. Since that date, I have received no payments from Mr. Poorsina. With interest the figure should be well over $50,000 as of the end of 2017

As per my phone call to you earlier today, I am expecting an exact calculation from Big Bear Lake Developers, LLC before 6 o'clock this evening. Thank you for your forbearance.

Very truly yours,

Jeffrey B Neustadt

**EXHIBIT** *F*

**Subject:** Claim requesting excess sale proceeds

**From:** Jeffrey Neustadt (jbneustadtlaw@sbcglobal.net)

**To:** kelli@peakforeclosure.com;

**Date:** Wednesday, April 18, 2018 1:20 PM

Dear Kelli:

Attached are: the original note, the original deed of trust, the corporation assignment of deed of trust to Jeffrey B Neustadt, and the calculation of what is owed currently in the amount of $86,213.92 with the actual calculation.

Pursuant to direction, my claim is $86,213.92. Please contact me via email and/or at 415-706-2234 if anything further is needed to perfect this claim.

Thank you for your time and attention to this matter.

Very truly yours,

Jeffrey B. Neustadt
Law Offices of Jeffrey B. Neustadt
PO Box 170249
San Francisco, CA. 94117
tel.: 415-434-4440
fax: 415-962-4221

**Attachments**

- CLaim requestingexcess sale proceeds 001.tif (573.34KB)



**EXHIBIT** F



**NOTE**  Loan Number: 22806

OCTOBER 10, 2006          CANOGA PARK          CALIFORNIA
Date                            City                     State

1563 28TH AVENUE, SAN FRANCISCO, CALIFORNIA 94116
Property Address          City                State          Zip Code

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 40,000.00          (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is  BIG BEAR LAKE DEVELOPERS LLC, A LIMITED LIABILITY COMPANY
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**

I will pay interest at a yearly rate of     18.000 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS ** See attached Interest Only Note Addendum.**

I will pay principal and interest by making payments each month of U.S. $ 13,735.32
I will make my payments on the   10th  day of each month beginning on  NOVEMBER 10, 2006.
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on  JANUARY 10, 2007 , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 19725 SHERMAN WAY SUITE 190, CANOGA PARK, CALIFORNIA 91306
or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of   15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be     5.000 % of my overdue payment, but not less than U.S. $ 5.00          and not more than U.S. $ N/A          . I will pay this late charge only once on any late payment.

**(B)  Notice From Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C)  Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time

CALIFORNIA-SECOND MORTGAGE-6/84
3665
Page 1 of 3

DocMagic *eFrom* 800-649-1362
www.docmagic.com

**EXHIBIT** F

(D)   **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5.   THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

## 6.   BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments

## 7.   BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8.   GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

**EXHIBIT F**

CALIFORNIA-SECOND MORTGAGE-6/84
3905                                                Page 2 of 3                        DocMagic *eForms* 800-649-1362
                                                                                                    www.docmagic.com

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

**NOTICE TO BORROWER:** Do not sign this Note if it contains blank spaces. All spaces should be completed before you sign.

_____ (Seal)
ALI  REZA  POORSINA            -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

*[Sign Original Only]*

**EXHIBIT** *F*

# Exhibit "G"

# STRATEGIC PETROLEUM INVESTMENTS

## Business Entity Information

| | | | |
|---|---|---|---|
| **Status:** | Permanently Revoked | **File Date:** | 5/11/2007 |
| **Type:** | Domestic Corporation | **Entity Number:** | E0337122007-1 |
| **Qualifying State:** | NV | **List of Officers Due:** | 5/31/2012 |
| **Managed By:** | | **Expiration Date:** | |
| **NV Business ID:** | NV20071699514 | **Business License Exp:** | *Exempt - 003* |

## Additional Information

| | |
|---|---|
| **Central Index Key:** | |

## Registered Agent Information

**Registered Agent resigned**

## Financial Information

| | | | |
|---|---|---|---|
| **No Par Share Count:** | 0 | **Capital Amount:** | $ 5,000.00 |
| **Par Share Count:** | 5,000,000.00 | **Par Share Value:** | $ 0.001 |

## ⊟ Officers                                           ○ Include Inactive Officers

**President - ALEXANDER LUSHTAK**

| | | | |
|---|---|---|---|
| **Address 1:** | 19812 INGOMAR STREET | **Address 2:** | |
| **City:** | WINNETKA | **State:** | CA |
| **Zip Code:** | 91306 | **Country:** | |
| **Status:** | Active | **Email:** | |

**Treasurer - ALEXANDER LUSHTAK**

| | | | |
|---|---|---|---|
| **Address 1:** | 19812 INGOMAR STREET | **Address 2:** | |
| **City:** | WINNETKA | **State:** | CA |
| **Zip Code:** | 91306 | **Country:** | |
| **Status:** | Active | **Email:** | |

**Secretary - ANNA MOSK**

| | | | |
|---|---|---|---|
| **Address 1:** | 6241 GLADE AVENUE | **Address 2:** | L-313 |
| **City:** | WOODLAND HILLS | **State:** | CA |
| **Zip Code:** | 91367 | **Country:** | |
| **Status:** | Active | **Email:** | |



**EXHIBIT** G

**Director - ANNA MOSK**

| | | | |
|---|---|---|---|
| Address 1: | **6241 GLADE AVENUE** | Address 2: | **L - 313** |
| City: | **WOODLAND HILLS** | State: | **CA** |
| Zip Code: | **91367** | Country: | |
| Status: | **Active** | Email: | |

## ☐ Actions\Amendments

| | |
|---|---|
| Action Type: | **Articles of Incorporation** |

| | | | |
|---|---|---|---|
| Document Number: | **20070330866-15** | # of Pages: | **2** |
| File Date: | **5/11/2007** | Effective Date: | |

Initial Stock Value: Par Value Shares: 1,000,000 Value: $ 1.00 No Par Value Shares: 0 --------------------------- Total Authorized Capital: $ 1,000,000.00

| | |
|---|---|
| Action Type: | **Initial List** |

| | | | |
|---|---|---|---|
| Document Number: | **20080077391-17** | # of Pages: | **1** |
| File Date: | **2/3/2008** | Effective Date: | |

(No notes for this action)

| | |
|---|---|
| Action Type: | **Amendment** |

| | | | |
|---|---|---|---|
| Document Number: | **20080110301-56** | # of Pages: | **1** |
| File Date: | **2/19/2008** | Effective Date: | |

Previous Stock Value: Par Value Shares: 1,000,000 Value: $ 1.00 No Par Value Shares: 0 --------------------------- Total Authorized Capital: $ 1,000,000.00 New Stock Value: Par Value Shares: 5,000,000 Value: $ 0.001 No Par Value Shares: 0 --------------------------- Total Authorized Capital: $ 5,000.00

| | |
|---|---|
| Action Type: | **Annual List** |

| | | | |
|---|---|---|---|
| Document Number: | **20080415819-68** | # of Pages: | **2** |
| File Date: | **6/20/2008** | Effective Date: | |

(No notes for this action)

| | |
|---|---|
| Action Type: | **Annual List** |

| | | | |
|---|---|---|---|
| Document Number: | **20090462565-09** | # of Pages: | **1** |
| File Date: | **6/1/2009** | Effective Date: | |

2009/2010

| | |
|---|---|
| Action Type: | **Amended List** |

| | | | |
|---|---|---|---|
| Document Number: | **20090658933-15** | # of Pages: | **1** |
| File Date: | **8/31/2009** | Effective Date: | |

09/10

| | |
|---|---|
| Action Type: | **Annual List** |

| | | | |
|---|---|---|---|
| Document Number: | **20110214978-95** | # of Pages: | **1** |

**EXHIBIT** G

| | | | |
|---|---|---|---|
| **File Date:** | 3/23/2011 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20110215180-71 | **# of Pages:** | 1 |
| **File Date:** | 3/23/2011 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Change | | |
| **Document Number:** | 20110217160-71 | **# of Pages:** | 1 |
| **File Date:** | 3/23/2011 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Commercial Registered Agent Resignation | | |
| **Document Number:** | 20140029103-52 | **# of Pages:** | 4 |
| **File Date:** | 1/15/2014 | **Effective Date:** | |
| (No notes for this action) | | | |

**EXHIBIT** G

1   Jeffrey B. Neustadt, Esq. (SBN 57889)
    2740 Van Ness Avenue
2   Suite 300
    San Francisco, CA, 94109
3   Tel: 415-434-4440
    Fax: 415-962-4221
4
5   Attorney for Defendant Alexander Lushtak

6

7

8                   **Superior Court of the State of California**
                              **County of San Francisco**
9

| Tatiana N. Shabanov, | Case No.: CGC- 11- 515974 |
|---|---|
| Plaintiff, | |
| vs. | **DEMURRER** |
| Alexander Lusktak; | **OF ALEXANDER LUSHTAK** |
| Defendant | **TO COMPLAINT OF** |
| | **NICK SHMUYLOVICH** |
| | Hearing:    ~~January~~ 2012 |
| | Time:       9:30 am |
| | Dept:       302 |
| | Judge:      Hon Harold E. Kahn |

16          The Defendant, Alexander Lushtak, hereinafter "Lushtak", respectfully demurs to the

17  complaint (hereinafter, the "Complaint") of Nick Shmuylovich (hereinafter, "Plaintiff") pursuant

18  to California Rules of Court, Rule 3.1320, on the following bases, for each reason cited herein

19  below, based on this Demurrer, the Notice of Hearing, and the Memorandum of Points and

20  Authorities filed concurrently herewith.

21          **Demurrer based on the California Code of Civil Procedure section 430.10(e)**
22                              **(as to the entire Complaint)**

23  The Complaint, on its face, does not contain facts sufficient to constitute a cause of action.

24
            **Demurrer based on the California Code of Civil Procedure section 430.10(f)**
25                              **(as to the entire Complaint)**

26  The Complaint, on its face, is uncertain in the facts alleged.

27

28  Dated: December 15, 2011

29                                          _____
                                            Jeffrey B. Neustadt, Esq.
30

                                                                    **EXHIBIT** G

                                              1