UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALI POORSINA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAW OFFICES OF JEFFERY B. NEUSTADT, et al.,<br><br>    Defendants. | Case No. 21-cv-05488-LB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>Re: ECF Nos. 13 and 23 |

**INTRODUCTION**

This case is related to an earlier interpleader case, *In re: 1563 28th Avenue*, No. 19-cv-01385-LB (N.D. Cal.), where the court distributed funds to creditors — including Jeffrey Neustadt as a member of Big Bear Lake Developers — from the foreclosure sale of debtor Ali Poorsina's house in San Francisco. Mr. Poorsina is representing himself in this case and the earlier case. In the earlier case, Mr. Poorsina challenged the validity of his signature on the note securing the Neustadt claim, but the court rejected the challenge and granted Mr. Neustadt summary judgment.[1] In this case, Mr. Poorsina sued Mr. Neustadt and Anna Mosk (also affiliated with Big Bear) for fraud and a violation of the California Unfair Competition Law (UCL) based in part on their "conduct filing [their]

---

[1] *In re: 1563 28th Ave.*, No. 19-cv-01385-LB, Orders – ECF Nos. 167 at 6–7, 14 & 183. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-05488-LB

fraudulent motion for summ[a]ry judgment into the surplus proceeds."[2] The court can decide the motion without oral argument. N.D. Cal. Civ. L. R. 7-1(b). The court dismisses the complaint with prejudice: the court lacks jurisdiction, and it decided the issues in the earlier case.

**STATEMENT**

The earlier orders in the related interpleader case summarize the facts about the foreclosure and the distribution of funds.[3] In short, the court rejected Mr. Poorsina's argument that the Big Bear loan was fraudulent (based on Mr. Poorsina's allegedly forged signature), granted summary judgment to Mr. Neustadt for his claim based on Mr. Poorsina's loan from Big Bear, and distributed to Mr. Neustadt his share of the proceeds from the foreclosure sale.[4]

In this case, Mr. Poorsina sued Mr. Neustadt and Ms. Mosk, claiming fraud and a UCL violation on the grounds that Mr. Poorsina's signature was robo-signed or copied on the loan note, the copies in the interpleader action had mistakes (such as the effective date), and the loan was part of a scheme to defraud Mr. Poorsina (including through the representations in the interpleader action).[5] To support his fraud claim, Mr. Poorsina alleged that "Neustadt and Mosk each authorized Balloon Rider Note, made misrepresentation[s,] and engaged in a conspiracy to conceal and deceive," causing damages to Mr. Poorsina.[6] To support his UCL claim, Mr. Poorsina alleged that he lost money because "of Defendants' conduct filing [a] fraudulent motion for summ[a]ry judgment into the surplus proceeds interpleader."[7]

Mr. Neustadt moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) as (1) insufficiently plead under the requirements of Rule 8, (2) time-barred under the statute of limitations, (3) barred by litigation privilege, and (4) barred by the doctrine of claim and issue

---

[2] Compl. – ECF No. 1 at 1, 3 (¶¶ 2–3, 9, 19).

[3] *In re: 1563 28th Ave.*, No. 19-cv-01385-LB Orders – ECF Nos. 167, 183, 190, & 204. This order incorporates the facts and analysis in the earlier orders by this reference.

[4] *Id.*, Orders – ECF Nos. 167 at 14 & 183 at 6.

[5] Compl. – ECF No. 1 at 5–9 (¶¶ 10–14).

[6] *Id.* at 9 (¶¶ 17–18).

[7] *Id.* (¶ 19).

ORDER – No. 21-cv-05488-LB            2

preclusion.[8] This motion was supplemented by Mr. Neustadt's Request for Judicial Notice which included parts of the record of the underlying litigation. Ms. Mosk joined the motion for the reasons Mr. Neustadt advanced and added that there was no federal-question or diversity jurisdiction.[9] Mr. Neustadt then conceded that the court could decline to exercise supplemental jurisdiction over this case but asked that the court exercise jurisdiction because a failure to do so "would only serve to increase unnecessarily the costs and expenses of litigation, as well as increase the expenditure of judicial resources."[10]

The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[11]

## STANDARD

### 1. Rule 12(b)(1)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). This is a facial attack. A facial attack

---

[8] Mot. to Dismiss – ECF No. 14.

[9] Mot. to Dismiss and Joinder – ECF No. 23.

[10] Statement – ECF 31 at 2–3. Ms. Mosk did not file her optional reply to her motion and thus did not respond to this argument.

[11] Consents – ECF Nos. 9, 11, 18, 19.

1 asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." *Id*. (cleaned up).

A defendant may raise the affirmative defense of res judicata in a Rule 12(b)(6) motion to dismiss. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide the defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

If a court dismisses a complaint, it should give leave to amend "unless the pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

There is no federal-question or diversity jurisdiction: Mr. Poorsina sues the defendants only for violations of state law, and the parties all reside in California. 28 U.S.C. §§ 1331 & 1332(a). To the extent that the court can assert ancillary or supplemental jurisdiction to consider Mr. Poorsina's collateral attack on the interpleader action, res judicata bars that attack: in the interpleader action, the court rejected Mr. Poorsina's challenges to the loan note, including the alleged forgery of his signature. *Cooter & Gell v. Hartmarx Corp.* 496 U.S. 384, 395 (1990) (collateral issue of sanctions); *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014) (ancillary jurisdiction to resolve attorney's fees dispute); *Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993) (standards for res judicata). (There are other grounds to dismiss the complaint: for example, Mr. Poorsina does not plead fraud with the requisite particularity. Fed. R. Civ. P. 9(b). But the court does not reach the issues given the jurisdictional and res-judicata bars.)

## CONCLUSION

The court grants the motion to dismiss with prejudice. This disposes of ECF Nos. 13 & 23.

**IT IS SO ORDERED.**

Dated: September 22, 2021

_____
LAUREL BEELER
United States Magistrate Judge